HARRIET E. JOSLYN, as Administratrix, etc., Appellant, *v.* GEORGE H. ROCKWELL et al., as Administrators, etc., Respondents.

The provision of the act "in relation to the collection of taxes on lands of non-residents" (Chap. 427, Laws of 1855 as amended by chap. 448, Laws of 1885), declaring that after a certain time a deed of the comptroller, executed upon sale for the non-payment of taxes, shall be "conclusive evidence" that "the sale * * * and all proceedings prior thereto, from and including the assessment of the land, and all notices required by law to be given previous to the expiration of two years allowed by law to redeem, were regular and regularly given, published and served" does not cure jurisdictional defects.

As said act is one by its title relating " to the collection of taxes on lands of non-residents," and as in the purview of the tax laws, occupied lands are not lands of non-residents (1 R. S. 389, § 3) where lands of a non-resident are occupied by a resident the act does not apply thereto, and an assessment thereof to the owner in the " non-resident " part of the roll is illegal.

As to whether a statute making a tax deed, after a certain designated time, conclusive evidence of the existence of every fact necessary to create a good title under the deed, would be a valid exercise of legislative power, as against the original owner who had always been in possession and whose possession remained undisturbed up to the time of the bringing of an action to obtain possession under the tax deed, and where said owner had in fact either paid his taxes before sale or a merely formal sale was made which was void for want of jurisdiction, *quære.*

In an action of trespass, the plaintiff claimed title under deeds from the comptroller, executed on sales for unpaid taxes. The lands were assessed as non-resident lands; defendants were permitted to give evidence which tended to show that at the time of assessment they were occupied by a resident; also that said taxes were paid to the collector before he made his return to the county treasurer. These questions were submitted to the jury, who were charged that if the lands were occupied when

assessed, the assessment was void, or if the taxes had been paid before being returned to the comptroller, all proceedings after payment were void. *Held*, no error.
Reported below, 59 Hun, 129.

(Argued June 22, 1891; decided October 6, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made February 4, 1891, which affirmed a judgment in favor of defendants entered upon a verdict and affirmed an order denying a motion for a new trial.

This was an action of trespass.

Plaintiff claimed title under two deeds of the state comptroller executed upon sales of lands, including the *locus in quo*, for non-payment of taxes.

The facts, so far as material, are stated in the opinion.

*James C. Rogers* for appellant. Defendants' answer denying every allegation in the plaintiff's complaint contained, except as hereinafter expressly admitted, stated or qualified, is bad in form and not authorized by the Code. (*Thierry* v. *Crawford*, 33 Hun, 366 ; *McEncroe* v. *Decker*, 58 How. Pr. 250 ; *Clark* v. *Dillon*, 97 N. Y. 370 ; *Potter* v. *Smith*, 70 id. 397 ; *Thorn* v. *N. Y. C. Mills*, 10 How. Pr. 19 ; *Hale* v. *Wood*, 1 Paige, 404 ; *Lewis* v. *Acker*, 11 How. Pr. 163.) Defendants should not have been permitted on the trial against plaintiff's objections to introduce evidence to prove title and possession in themselves at the time of the trespass. (*Potter* v. *Smith*, 70 N. Y. 300 ; *Klinger* v. *Bondy*, 36 Hun, 601.) The rulings of the trial judge at the outset of the trial that the defendants may offer any kind of proof that tends to show the plaintiff has no title, was error. (*Duncan* v. *Spear*, 11 Wend. 54 ; *Rogers* v. *Arnold*, 120 id. 30 ; *Kissam* v. *Roberts*, 6 Bosw. 154.) The comptroller's deeds to Gerrit Smith were conclusive evidence that the sale and all proceedings prior thereto were regular, having been recorded more than two years. (Laws of 1885, chaps. 448, 758 ; *People* v. *Turner*, 49 Hun, 466 ; 117 N. Y. 227.) The trial judge erred in allowing

defendants to introduce as showing irregularity in the assessments, not only the original assessment-rolls from the county treasurer's office, but copies of the rolls from the town clerk's office, and in one instance memoranda made by the defendants' attorney from a copy of the roll. (2 R. S. [7th ed.] 996, § 35; *People ex rel.* v. *Chapin*, 38 Hun, 272.) It was error to allow the word "paid" in pencil mark upon the assessment-rolls, with no evidence as to when it was put there, to be received in evidence against plaintiff's objection, and go to the jury to contradict the collector's sworn return, and the county treasurer's certificate. (Laws of 1855, chap. 427, § 4; id. chap. 453; *People ex rel.* v. *Chapin*, 38 Hun, 272.) Even if the tax was paid on the forty-acre lot in those years, it is a matter in which defendants are not interested, and they were not entitled to set it up as against the constitutionality of the act of 1885, and the validity of plaintiff's title under the comptroller's deeds. (*Detmold* v. *Drake*, 46 N. Y. 318; *Vose* v. *Cockroft*, 44 id. 415; *Connors* v. *People*, 50 id. 240; *Houston* v. *Wheeler*, 52 id. 641; *People* v. *Turner*, 117 id. 234.) If the statute be construed to require that the lands of a non-resident owner, if occupied, must be assessed to the occupant, and not as non-resident, in that case there must be an actual not a constructive occupation of at least a portion of the lot assessed. (Code. Civ. Pro. §§ 369, 370.) It was error to allow defendants, against objections, to introduce evidence designed to show irregularities in the assessment and sale of the 208 acre piece, known as the Murray lot. (*People ex rel.* v. *Chapin*, 38 Hun, 272; *Chamberlain* v. *Taylor*, 36 id. 24.) The refusal to charge that the payment of taxes, the survey of land, and the assertion of right to it, the cutting of trees, and the running of the lines around wild land do not constitute possession or title, was error. (*Thompson* v. *Burhans*, 61 N. Y. 52; 79 id. 99; *Miller* v. *L. I. R. R. Co.*, 71 id. 380; *Price* v. *Brown*, 100 id. 669.) The trial judge erred in charging the jury that: "There is some considerable question if the defendants would be liable for that cutting, if it was done without their direction, even if it was

conceded that they had gone across the line." (*Carman* v. *Mayor*, 14 Abb. Pr. 301; *Cosgrove* v. *Ogden*, 49 N. Y. 255; *Nott* v. *C. Ice Co.*, 73 id. 543; *Poucher* v. *Blanchard*, 86 id. 256.) Chapter 448, Laws of 1885, under which plaintiff claims, is an act of limitation mainly, and although it changes the rule of evidence in regard to the effect to be given the comptroller's deeds, it violates no constitutional or vested rights thereby. (*Chamberlain* v. *Taylor*, 36 Hun, 24; *Rogers* v. *Smith*, 5 id. 475; 86 N. Y. 623; *Hickcox* v. *Tallman*, 38 Barb. 608; *Webb* v. *Den*, 17 How. [U. S.] 576; *Jackson* v. *Lamphire*, 3 Pet. 290; *Rexford* v. *Knight*, 11 N. Y. 308; *People* v. *Turner*, 117 id. 227.) The trial judge erred in charging "that the act in question is not intended to cure jurisdictional defects but only relates to the matters of the form of the proceeding." (*People* v. *Turner*, 117 N. Y. 235; Laws of 1855, chap. 427, §§ 83–85.)

*J. S. L'Amoreaux* for respondents. The plaintiff failed to show any title whatever to any portion of subdivision 4, lot 5, Kayaderosseras patent, claimed by the defendants. (Laws of 1840, chap. 180, § 3.) A sale of land for the taxes of several years, one of which is void, is an excess of jurisdiction in the officer making the sale, and renders his proceeding void. (*People* v. *Hagadorn*, 107 N. Y. 516, 525; *Ensign* v. *Barse*, Id. 329; *People* v. *Turner*, 117 id. 227; *Cromwell* v. *McLean*, 123 id. 492; *Howard* v. *Moot*, 64 id. 268; *Ferguson* v. *Crawford*, 70 id. 253.) The evidence justified the finding that the seventy acres in question were occupied and resident lands during all the years from 1846 to 1860, both inclusive. (*Thompson* v. *Burhans*, 61 N. Y. 52; *In re N. Y. C. & H. R. R. R. Co.*, 90 id. 342; *In re Rau*, 70 id. 191; *Tallman* v. *White*, 2 id. 66; *Sharpe* v. *Johnson*, 4 Hill, 92; *Bank of Utica* v. *Mersereau*, 3 Barb. Ch. 531; *Peck* v. *Mallams*, 10 N. Y. 509; *Pink* v. *Barberi*, 17 Wkly. Dig. 521; *Whiting* v. *Thomas*, 23 N. Y. 281; *Maller* v. *L. I. R. R. Co.*, 71 id. 380; *Vosburgh* v. *Teator*, 32 id. 561; *Ferguson* v. *Hubbell*, 97 id. 507.)

Peckham, J.  In *Ensign* v. *Barse* (107 N. Y. 329), the statute provided that under certain circumstances named in the act the comptroller's deed should be " conclusive evidence" that " the sale and all proceedings prior thereto, from and including the assessment of the land, and all notices heretofore or hereafter required by law to be given, previous to the expiration of the time allowed by law to redeem, were regular and were regularly given, published and served according to the provisions of all laws requiring and directing the same or in any manner relating thereto."

The plaintiffs here claim title under two deeds from the comptroller to Gerrit Smith, executed by reason of sales of the land for non-payment of taxes.  In 1885, long subsequent to such sales and conveyances by the comptroller, the legislature passed the act known as chapter 448, of the laws of that year, and it was provided therein that after certain times therein stated, the deeds of the comptroller executed upon sales for the non-payment of taxes, should be " conclusive evidence" that " the sale of said lands and all proceedings prior thereto, from and including the assessment of the land, and all notices required by law to be given previous to the expiration of two years allowed by law to redeem, were regular and were regularly given, published and served according to the provisions of this act, and all laws directing or requiring the same or in any manner relating thereto."    The comptroller's deeds under which the plaintiff claims, were executed and recorded in due time so as to come within the purview of this act.

It is evident that, upon the subject of the conclusive character of the comptroller's deed, the act of 1885 does not differ in any material respect from the act already quoted, and which was under discussion in the case of *Ensign* v. *Barse* (*supra*). It must, therefore, receive the same construction which was given the act in that case.   It was there said that the act did not, on its face, purport to cure jurisdictional defects.   Judge Finch, in the course of his opinion, declared that the act " raises a conclusive presumption of regularity, but leaves the question of the assessors' jurisdiction and authority unaffected.

Thus understood it comes within the rule which counsel con‑ cede to be correct. It does not make the tax deed conclusive evidence of a complete title, but leaves open to the owner full right to assail the proceedings in any jurisdictional defect." This construction was concurred in by the whole court. Nothing in the cases of *People* v. *Turner* (117 N. Y. 227) and *Ostrander* v. *Darling** (in the second division of this court, and not yet reported) enlarges the construction to be given the act of 1885.

It has not been held in any case in this court that I am aware of that a statute making a tax deed after a certain time designated in the statute, conclusive evidence of every fact which ought to exist in order to create a good title under such deed, would be valid as an exercise of legislative power as against the original owner who had always been in possession of his land, and of all his rights growing out of it, and whose pos‑ session remained undisturbed up to the time of the commence‑ ment of an action to obtain possession under a tax deed, and where the owner had in fact either paid his taxes before sale or a merely formal sale had been made, which was void for want of jurisdiction. The record of a deed from the comp‑ troller it is contended would constitute no valid notice. It is claimed that one in possession of all his rights cannot be com‑ pelled to resort to legal proceedings or else run the risk of losing them. The question does not arise in this case, for we hold, as in the case of *Ensign* v. *Barse* (*supra*), that the statute is not to be construed in that way. There is very weighty authority for holding such a statute in the case of one in pos‑ session to be invalid. (Cooley's Constitutional Limitations [3d ed.], 366, and cases cited in note 1.) We leave the matter with‑ out expressing an opinion in regard to it.

For the purpose of showing that the deeds of the comptroller were void as given without jurisdiction, evidence was offered by defendants and received by the court, which tended to show that the taxes, for the non-payment of which the lands were sold by the comptroller, were assessed as lands of a

---

* 127 N. Y. 70.

non-resident, while at that time they were occupied by some one representing defendants' grantor. It was submitted by the court as a question of fact to be passed upon by the jury, whether the lands at the time of the assessment were occupied. There was also some evidence on the part of the defendants tending to show that the taxes upon these lands were paid to the collector before the return was made by the collector to the county treasurer. The court instructed the jury that if the lands were occupied when assessed as lands of a non-resident, or if the taxes had in fact been paid before the return was made to the comptroller, then in the one case the assessment was void, and in the other case all proceedings after the payment were void.

We think the court was right in both branches of its charge. The defect was jurisdictional in both cases. The act of 1885 (Chap. 448) is one, by its title, relating " to the collection of taxes on lands of non-residents, and to provide for the sale of such lands for unpaid taxes." It is provided that occupied lands are not the lands of non-residents. (1 R. S. 389, § 3.) And where lands of a non-resident of the county are occupied by a resident of the town, an assessment to the owner in the " non-resident " part of the roll is illegal, and the lands should be assessed to the resident occupant. (*People ex rel.* v. *Wemple, Comptroller,* 117 N. Y. 77.) If the lands were occupied the act of 1885 would not apply. We think there was sufficient evidence of occupancy to render it a question for the jury, and it was properly submitted as such.

If the taxes had in truth been paid to the collector before he made return to the county treasurer, the right to proceed further toward the sale of the lands for non-payment of the taxes at once ceased. The comptroller had no jurisdiction to make the sale or to execute the conveyances of the lands in question. There was enough evidence of such payment to make it also a question for the jury. We think the evidence of payment to the collectors was properly admitted.

Both these questions were of a character not covered by the act of 1885, and no error was committed in receiving evidence

relative to them and which tended to show the facts upon which the defendants' contentions were to be sustained.

We have carefully examined all the other questions raised by the learned counsel and set forth in his able brief, but we think no errors were committed by the trial court in disposing of them.

We are of the opinion that the judgment below is right, and it should, therefore, be affirmed, with costs.

All concur.

Judgment affirmed.