PEOPLE v. FRANCISCO.

(Supreme Court, Appellate Division, Third Department.   November 12, 1902.)

1. FORFEITURES—TRESPASS ON FOREST PRESERVE—TAX DEED—REGULARITY OF PROCEEDINGS.

A defendant, in an action for a forfeiture for cutting and carrying away trees on land forming a part of the forest preserve, under Laws 1895, c. 395, § 280, authorizing actions for trespass on the forest preserve, who merely claims to be an occupant of such land, but without any title thereto, cannot question the validity of tax deeds issued by the comptroller for nonpayment of taxes assessed thereon as unoccupied property owned by nonresidents, and which were duly recorded more than two years before the alleged trespass; Laws 1896, c. 908, § 132, making a comptroller's tax deed, after the lapse of two years from record, conclusive evidence of the regularity of the sale and all proceedings prior thereto.

2. SAME—RIGHT OF ACTION—STATUTES—AMENDMENT.

The right of action for cutting and carrying away trees on the forest preserve, given by Laws 1895, c. 395, § 280, is not taken away by the amendment thereto made by Laws 1896, c. 114, and enacted subsequent to such trespass.

Appeal from trial term, Delaware county.

Action by the people of the state of New York against James A. Francisco.   From a judgment for plaintiff, entered on the verdict of a jury, and from an order denying a motion, made on a case and exceptions, to set aside the verdict and for a new trial, defendant appeals.   Affirmed.

Argued before PARKER, P. J., and KELLOGG, SMITH, and CHASE, JJ.

Charles L. Andrus, for appellant.

Wagner & Fisher (Edwin D. Wagner, of counsel), for the People.

CHASE, J.   On the 15th day of December, 1875, the comptroller of the state of New York executed and delivered to the plaintiff a deed including certain real property described in the complaint.   Such deed was duly recorded in the clerk's office of the county of Delaware on the 31st day of May, 1877.   On the 25th day of August, 1884, said comptroller executed and delivered to the plaintiff another deed including said real property, which deed was duly recorded in said office on the 6th day of April, 1887.   The deeds are in the usual form of deeds executed by the comptroller pursuant to the tax laws then in force.   The property was sold each time by reason of the nonpayment of taxes thereon assessed in the manner provided for unoccupied property owned by nonresidents of the tax district.   The property is wild, forest, mountain land.   There has never been a building on the property, and no part of it has ever been inclosed or cultivated.   This action was brought in August, 1896, to recover forfeitures for alleged violations of section 280, c. 395, of the Laws of 1895.

The plaintiff alleges that the lands form a part of the forest preserve, and that "during the year 1895, and before the commencement of this action," the defendant "cut, or caused to be cut thereon, and did carry away, or cause to be carried away therefrom, about thirty-four hemlock trees," in violation of said statute. The defendant denied the allegations of the complaint, and further alleged that he was rightfully and legally in possession of said property, and that he was and is the owner thereof. The evidence relating to cutting and carrying away the 34 hemlock trees, although conflicting, is sufficient to sustain the verdict against the defendant. The defendant contends that prior to June 29, 1876, one C. had each year, for many years, cut wood and timber on said lands for fencing and repairing buildings on other lands of C., and for use by him in his lumbering business, and that after June 29, 1876, until about the year 1893, the defendant had continuously cut timber thereon in the same way and for the same purpose. The defendant also insists that the use of said lot by C. and by himself made them respectively occupants thereof, and that, consequently, the assessments as made and the tax deeds based on such assessments are void. Section 132 of the tax law (chapter 908, Laws 1896) provides:

"Every such conveyance heretofore executed by the comptroller * * * which have for two years been recorded in the office of the clerk of the county in which the lands conveyed thereby are located * * * shall be conclusive evidence that the sale and proceedings prior thereto, from and including the assessment of the lands, and all notices required by law to be given previous to the expiration of the time allowed for redemption, were regular, and were regularly given, published, and served according to the provisions of all laws directing and requiring the same or in any manner relat-. ing thereto."

This statute, though in some respects a curative law, is primarily and essentially much more; it is a statute of limitation. There may be in legal proceedings defects which are not mere informalities or irregularities, but so vital in their character as to be beyond the help of retrospective legislation; such defects are called jurisdictional. This principle does not apply to a statute of limitations, for such a statute will bar any right, however high the source from which it may be deduced, provided that a reasonable time is given a party to enforce his right. Meigs v. Roberts, 162 N. Y. 371, 56 N. E. 838, 76 Am. St. Rep. 322. The court of appeals in Meigs v. Roberts, supra, say:

"It is questionable whether, as to an owner in actual possession of land, the record of a hostile conveyance in the clerk's office is sufficient to set a statute of limitations running against him so as to destroy his title. * * * The decisions on the subject are in conflict."

On the trial herein, the defendant did not seek to show title to the property in himself, but, while offering testimony relating to a quitclaim deed from C. to himself, expressly disclaimed that he did so for the purpose of showing title. He insisted in the trial court, and insists in this court, that the tax deeds are void by reason of the lands having been actually occupied at the time the assessments were made. No claim of adverse possession of the lands is pleaded or asserted. It is unnecessary to determine whether the property was occupied within the meaning of the tax law. The deeds are by the express terms

of the statute conclusive evidence against the defendant. Assuming that, as against the true owner of the property, it would be necessary for the plaintiff to show by evidence other than the record of the deeds that the statute, as a statute of limitations, had been set running against such true owner, so as to destroy his title, it was not necessary as against the defendant, who is not shown to have title to the property, and does not claim under one shown to have title to the same.

The right of action against the defendant was not taken away by chapter 114 of the Laws of 1896, amending the act under which the action was brought. People v. New York Cent. & H. R. R. Co., 156 N. Y. 570, 51 N. E. 312; Stone v. Board, 166 N. Y. 86, 59 N. E. 708. Defendant has no reason to complain of the instructions of the court relating to the amount of the forfeiture.

The judgment should be affirmed, with costs. All concur.