# 𝕮𝖆𝖘𝖊𝖘

# THIRD DEPARTMENT

IN THE

# APPELLATE DIVISION,

## 𝕸𝖆𝖞, 1903.

---

FANNY F. WALLACE and LULU J. WALLACE, as Executrices and Widow and Sole Heir at Law and Devisees under the Will of EDWIN R. WALLACE, Deceased, Appellants, *v.* THE INTERNATIONAL PAPER COMPANY and WILLIAM McECHRON, Respondents, Impleaded with WARREN CURTIS and Others.

*State tax sale — constitutionality of section 132 of the Tax Law, making the sale conclusive at the end of one year.*

The provision of section 132 of the Tax Law (Laws of 1896, chap. 908), limiting the right to apply or bring an action for the cancellation of a tax sale had prior to 1895 and of the conveyance executed thereon, to one year from the passage of the act, is constitutional.

If the application or action is not brought within the time limited by the act, the title acquired by the grantee in the tax deed becomes absolute, notwithstanding the fact that the taxes, for the non-payment of which the State assumed to sell the land, had in fact been paid.

APPEAL by the plaintiffs, Fanny F. Wallace and another, as executrices and widow and sole heir at law and devisees under the will of Edwin R. Wallace, deceased, from a judgment of the Supreme Court in favor of the defendants, The International Paper Company and William McEchron, entered in the office of the clerk of Hamilton county on the 12th day of November, 1902, upon the decision of the court, rendered after a trial at the Fulton Trial Term before the court without a jury, dismissing the complaint upon the merits in an action for partition, and adjudging that the defendant The International Paper Company is seized in fee simple and is the

owner of an undivided one-third of the premises in question, sub-ject to the lien of mortgages held by certain of the defendants, and that the defendant William McEchron is seized in fee simple and is the owner of the remaining two-thirds of said premises, subject to the dower of his wife, the defendant Sarah E. McEchron.

*Homer Weston*, for the appellants.

*George N. Ostrander,* for the respondents.

PER CURIAM:

The plaintiffs claim that the tax sale under which the defendant McEchron claims title to the lands in question was void, because *all* the taxes, by reason of which the State claimed the right to make such sale, had in fact been fully paid.

Such sale was made in 1871 for unpaid taxes, so claimed, of 1862. The conveyance executed by the State upon such sale was recorded on February 7, 1887, and has been on record ever since.

Under the provisions of section 65 of chapter 427 of the Laws of 1855, as amended by chapter 448 of the Laws of 1885, and revised by section 12 of chapter 711 of the Laws of 1893, the recording of such conveyance would be conclusive evidence that such assessment and sale were regular, but the sale and conveyance would have been subject to cancellation upon direct application to the Comptroller, or in an action brought in a competent court therefor, upon proof that such taxes of 1862 had in fact been paid. And so the right to institute such a proceeding and procure such a cancellation by making such proof continued until the passage of section 132 of chapter 908 of the Laws of 1896. By that section it was provided that such an application, or action, with reference to all sales had prior to 1895, must be made or brought within one year from the passage of that act.

No application or action has *ever* been brought by these plaintiffs to procure the cancellation of the sale and conveyance of these lands for the taxes claimed to be due and unpaid for the year 1862; but conceding that the commencement of this action for a partition of the same to these plaintiffs as part owners thereof is equivalent to such an action, inasmuch as it was not commenced until October 5, 1897 — some five months after the time limited by section 132, above

cited — it seems clear that such section is a complete bar to any relief to the plaintiffs, based upon a cancellation of the sale and conveyance through which McEchron claims his title. In other words, the provisions of the acts of 1885 and of 1893, above referred to, and which are re-enacted in the said section 132, make the recorded conveyance to McEchron, from the State, at least presumptive proof of his title to the interest in these lands which the plaintiffs claim, even though the taxes for which they were sold had actually been paid, and the short Statute of Limitations in such section contained bars the plaintiffs from applying for a cancellation of such sale and conveyance, and so makes such conveyance absolute.

In this view of the case, it becomes unimportant to determine whether the highway tax for the year 1862 was or was not actually paid. It suffices that the State then claimed it was not paid and sold the land to pay it; and although that sale might have been canceled had the plaintiffs applied therefor within the time permitted by the statute, their omission to do so allowed the title which the State then assumed the right to convey to become absolute. This view of the case seems to be fully sustained by the case of *Meigs* v. *Roberts* (162 N. Y. 371).

It is now vigorously urged that the provisions of section 132 limiting the right to apply for cancellation of a sale and conveyance to one year are unconstitutional, for the reason that one year is an unreasonably short limitation. The decision of the Court of Appeals in the case last above cited seems to be in conflict with that claim. (See, also, *Saranac Land & Timber Co.* v. *Comptroller of New York*, 177 U. S. 318.)

We conclude that the facts of this case are not materially changed from those which have already been twice presented to us (see 53 App. Div. 41; 70 id. 298), and that the rule of law which a majority of the court then applied to them requires that this judgment be affirmed.

Judgment unanimously affirmed, with costs.