## BRYAN v. McGURK.

(Supreme Court, Appellate Division, Third Department. September 24, 1909.)

1. TAXATION (§ 789*)—SALE—DEED—NATURE.
    Tax Law (Laws 1896, p. 841, c. 908) § 131, as amended by Laws 1902, p. 908, c. 344, making a Comptroller's deed to land sold for taxes conclusive evidence of the regularity of all prior proceedings after the lapse of two years from the giving thereof, cures only irregularities in the tax proceedings and not jurisdictional defects, and, if land was sold for taxes where there was no unpaid tax, so that the deed given the purchaser was void from its inception, the act would not operate as a statute of limitations barring the owner's right to question the validity of the deed or its effect as conclusive evidence of title after two years.
    [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1557; Dec. Dig. § 789.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. TAXATION (§ 789*)—SALE—DEED—NATURE.

Even if there was in fact an unpaid tax, the result would be the same, where the Comptroller had furnished the owner a bill for taxes on the premises stating that it was for all taxes due, and the owner had promptly paid it; but the premises were nevertheless sold for a tax for the period covered by the bill.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1557; Dec. Dig. § 789.*]

Appeal from Trial Term, Saratoga County.

Action by William W. Bryan against Henry McGurk. Judgment of dismissal, and plaintiff appeals. Reversed, and new trial granted.

The action is one to recover the possession of real property. The plaintiff claimed to be seised in fee and entitled to the possession of the property, and that the defendant was in actual possession thereof, and wrongfully withholding the same from the plaintiff. The defendant claimed the title under a tax deed given by the Comptroller of the state pursuant to a sale for unpaid taxes made in December, 1900, which deed bore date June 2, 1903, and was recorded June 1, 1905. On the trial the plaintiff showed that he was the owner of the legal title of the premises which had come down to him through an unbroken chain of title since 1818. On the 22d of September, 1897, the plaintiff applied to the Comptroller for a statement of all taxes upon the property, and the Comptroller transmitted to him a bill of the taxes thereon for the years 1893, '94, '95, and '96, together with the interest, amounting all told to $6.02, inclosed in a letter to the plaintiff wherein it was stated that the bill was "for all taxes now due this office." The bill was paid by the plaintiff in full two days thereafter. Thereafter, in December, 1900, the Comptroller went through a form of sale of the premises for taxes prior to the year 1897, the amount of the same claimed to be unpaid amounting with interest to $.23. Subsequent thereto the said deed under which the defendant claims was given. As late as December 1, 1904, the then Comptroller wrote the plaintiff in reply to a letter from him that the premises were "advertised to be sold at the 1900 sale, but were not sold, as you paid the taxes before date of sale." On the trial the court found that the plaintiff was not seised as owner in fee of the premises, and that the defendant owned the same in fee and was in possession of the same, and held such possession to be lawful and dismissed the complaint. This decision as appears by the opinion was based on the provision of section 131 of the tax law (Laws 1896, p. 841, c. 908, as amended by Laws 1902, p. 908, c. 344), which makes a Comptroller's deed conclusive evidence of the regularity of all prior proceedings after the lapse of two years from the giving thereof.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Charles C. Lester, for appellant.
Wm. E. Bennett, for respondent.

CHESTER, J. If the Comptroller can expose a person's land for sale at a tax sale when there is no tax, he can with equal right give a deed of it without the form of a tax sale. If in either case the Legislature can pass an act to validate a title under such a deed, it can with equal propriety say arbitrarily that the land of one person shall belong to another without the intervention of a conveyance. The mere statement of these facts would ordinarily indicate that such a deed would be absolutely void, and such legislation clearly unconstitutional as an attempt to take property without due process of law. But the act under which the respondent's tax deed has been held to be conclusive

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

evidence of title has been construed by the learned trial justice as a short statute of limitations, the effect of which is to deprive the plaintiff of his land.

It was held, it is true, in Meigs v. Roberts, 162 N. Y. 371, 56 N. E. 838, 76 Am. St. Rep. 322, as stated in the headnote, that:

"The principle that jurisdictional defects are so vital in their character as to be beyond the help of retrospective legislation does not apply to a statute of limitations, for such a statute will bar any right, however high the source from which it may be deduced, provided that a reasonable time is given a party to enforce his right."

A similar act (chapter 448, Laws 1885) to the one involved here has been held to be a statute of limitations in several cases. Meigs v. Roberts, 162 N. Y. 371, 56 N. E. 838, 76 Am. St. Rep. 322; People v. Turner, 117 N. Y. 227, 22 N. E. 1022, 15 Am. St. Rep. 498; Id., 145 N. Y. 459, 40 N. E. 400. The defects in these cases were not, however, of a jurisdictional character, but were mere irregularities.

Assuming as we must on this record, that there was no tax, there can be no question that the tax sale in question was had without any jurisdictional right to sell the plaintiff's land, and that the deed was void because the Comptroller had no jurisdiction, power, or right to give it. The defect was not an irregularity in the proceedings leading up to the deed, but it was a vital and jurisdictional one that deprived it of all force. All that section 131 of the tax law assumes to do in this respect is to make a tax deed conclusive evidence after the expiration of two years from its date of the regularity of the sale and of all proceedings prior thereto. The Legislature does not in the section in form at least assume the task of curing jurisdictional defects. So far as I am aware, neither the provision in question nor similar provisions in other statutes has ever been held effective by the Court of Appeals to cure anything but irregularities in the tax proceedings.

In respect to a similar statute (chapter 287, p. 351, Laws 1882) Judge Finch said in Ensign v. Barse, 107 N. Y. 329, 338, 14 N. E. 400, 402:

"The act of 1882 does not on its face purport to cure jurisdictional defects. It raises a conclusive presumption of regularity, but leaves the question of the assessor's jurisdiction and authority unaffected. * * * It does not make the tax deed conclusive evidence of a complete title, but leaves open to the owner full right to assail the proceedings in any jurisdictional respect."

This language was quoted with approval in the later case of Joslyn v. Rockwell, 128 N. Y. 334, 338, 339, 28 N. E. 604, 605, with reference to another similar statute (chapter 448, Laws 1885), where Judge Peckham, writing for the court, further said:

"It has not been held in any case in this court that I am aware of that a statute making a tax deed after a certain time designated in the statute conclusive evidence of every fact which ought to exist in order to create a good title under such deed would be valid as an exercise of legislative power as against the original owner who had always been in possession of his land, and of all his rights growing out of it, and whose possession remained undisturbed up to the time of the commencement of an action to obtain possession under a tax deed, and where the owner had, in fact either paid his taxes before sale or a merely formal sale had been made, which was void for want of jurisdiction."

In Wallace v. McEchron, 176 N. Y. 424, 68 N. E. 663, the Court of Appeals on a consideration of section 132 of the tax law (Laws 1896, p. 841, c. 908) held that its provisions would not divest the owner of his title under a tax deed executed prior to its passage where his default was occasioned by the failure of the Comptroller to render a proper statement of the unpaid taxes. In People v. Ladew, 189 N. Y. 355, 82 N. E. 431, it was held that, even if the broadest possible effect be given to the provision of section 132 of the tax law, a conveyance executed by the Comptroller which has for two years been recorded in the office of the clerk of the county in which the lands conveyed thereby are located shall be conclusive that the sale and proceedings prior thereto and all notices required to be given to the expiration of the time allowed for redemption were regular and regularly given, published and served, cannot apply to a record which was wholly void. Section 131 of the tax law is qualified and limited by section 132 thereof, and the two sections should be read together. Adirondack League Club v. Keyes, 122 App. Div. 178, 106 N. Y. Supp. 963.

Section 132 provides that:

"Conveyances and certificates, and the taxes and tax sales on which they are based, shall be subject to cancellation, by reason of the payment of such taxes, or by reason of the levying of such taxes by a town or ward having no legal right to assess the land on which they are laid, or by reason of any defect in the proceedings affecting the jurisdiction upon constitutional grounds, on direct application to the Comptroller, or in an action brought before a competent court therefor."

With reference to the various statutes of similar import from which the present statute has been developed, it has been repeatedly held in cases where application for cancellation had been made to the Comptroller that the remedies provided in these statutes for the cancellation of tax sales and conveyances were provided for the relief of the purchasers, and are not available to the owner of lands sold for taxes. Saranac Land & Timber Co. v. Roberts, 195 N. Y. 312, 88 N. E. 753; People ex rel. H. P. Co. v. Wemple, 139 N. Y. 240, 34 N. E. 883; People ex rel. Witte v. Roberts, 144 N. Y. 234, 39 N. E. 85. In People ex rel. McGuinness v. Lewis, 127 App. Div. 107, 111 N. Y. Supp. 398, cited by the respondent, the Second Department held that a tax deed could be canceled on the application of the owner, but that was a proceeding relating to lands in Nassau county which does not embrace any part of the forest preserve, and·it was decided under section 140 of the tax law (chapter 908, p. 846, Laws 1896), which section, among other things, provided:

"That in any county which does not include a portion of the forest preserve, such application for cancellation may also be made by the owner of the lands at the time of the tax sale."

The lands involved in the present action are situated in Saratoga county, which includes a part of the forest preserve, and therefore the McGuinness Case is not an authority in this respect in favor of the respondent's contention. The provision referred to in section 140 of the tax law, in extending the right to an owner in a county which does not include a part of the forest preserve, to apply

for the cancellation of a tax deed or certificate, is significant of a legislative intent to withhold such right from owners in a county which includes a part of such preserve. It would seem, therefore, that the plaintiff had no remedy under section 132 against a person claiming his property under a tax deed until he or his grantors made an actual entry upon the lands, and the plaintiff was in a position to maintain ejectment. The deed was not recorded in the present case until two years after it was given, and there is nothing in the record to show that the defendant entered into possession of the premises within such two years, but whether he did or not he had it in his power to wait until the expiration of that period to enter the lands, in which event the two-year statute of limitations would have fully run before the owner could have enforced his rights or possibly before the owner knew that any one was in a position to question his title. A statute of limitations under which that result could be accomplished would be unreasonable and for that reason void. I think, therefore, that section 131 of the tax law as applied to the facts of this case and to the defendant's deed, which was void from its inception, should not be construed as a statute of limitations that stands in the way of the plaintiff's questioning the validity of such deed or as making it conclusive evidence of title after two years from the date thereof.

If we assume that there was in fact an unpaid tax, the result should not be changed under the facts of this case. The Comptroller had rendered to the plaintiff a bill for taxes on the premises, stating that it was for all taxes due. Notwithstanding the bill was promptly paid by the plaintiff, the premises were included in a tax sale for the period covered by the bill, and the defendant was the purchaser. With reference to a somewhat similar state of facts, it was held in Wallace v. McEchron, above cited, that, where the default of the taxpayer is caused by the failure of the Comptroller to render a proper statement of the unpaid taxes, a sale made in consequence of such mistake cannot divest the owner of his title, and is absolutely void.

The judgment should be reversed on the law and on the facts, and a new trial granted, with costs to the appellant to abide the event. All concur; SMITH, P. J., in result.