PEOPLE ex rel. GERMAN–AMERICAN BANK v. PURDY et al., Com'rs of
Taxes and Assessments.

(Supreme Court, Appellate Division, First Department.  January 3, 1913.)

1. TAXATION (§ 496*)—ASSESSMENT—REVIEW—LIMITATION.
    Laws 1909, c. 74, authorizes the board of taxes and assessments of
New York City to cancel or reduce assessments of bank shares in that
city for certain years, and provides that until October 21, 1909, the as-
sessments should be open to public inspection, that applications for re-
ductions or cancellation might be made on or before September 1, 1909,
and a hearing, if requested, granted, that the board should determine
every application on or before October 1st, that its determination might
be reviewed by certiorari, that the proceeding to review must be com-
menced on or before October 31, 1909, that all assessments of bank shares
for the years in question, as to which no application for relief should
be made, were thereby ratified and confirmed, and that every determina-
tion by the board should be final and conclusive, unless reversed or modi-
fied upon certiorari proceedings. *Held*, that a certiorari proceeding to
review such determination of the board, instituted November 29, 1910,
was barred by the limitation contained in that act.
    [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 890–910; Dec.
Dig. § 496.*]

2. TAXATION (§ 496*)—ASSESSMENT—REVIEW—LIMITATION.
    A remedy even for jurisdictional defects in the assessment of a tax
may be barred by a statutory limitation.
    [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 890–910; Dec.
Dig. § 496.*]

Appeal from Special Term, New York County.

Certiorari by the People, on relation of the German-American Bank,
against Lawson Purdy and others, Commissioners of Taxes and As-
sessments of the City of New York.  From a final order denying
motions to dismiss the writ and directing payment to relator of certain
interest on taxes paid on bank shares, defendants appeal.  Reversed,
and writ dismissed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-
LIN, MILLER, and DOWLING, JJ.

William H. King, of New York City, for appellants.
Lewis G. Wallace, of New York City, for respondent.

MILLER, J.  This appeal presents a new question as to the con-
struction and effect of chapter 74 of the Laws of 1909, relating to
the assessment of bank shares in the city of New York from 1901
to 1907, inclusive.  For a history of the various proceedings which
have been instituted to review said assessments, both before and
after the passage of said act, reference may be made to the following
decisions of the Court of Appeals:  People ex rel. Bridgeport Savings
Bank v. Feitner, 191 N. Y. 88, 83 N. E. 592;  People ex rel. Ameri-
can Exchange Nat. Bank v. Purdy, 196 N. Y. 270, 89 N. E. 839;
Id., 199 N. Y. 51, 92 N. E. 232;  People ex rel. Merchants' Na-
tional Bank v. Purdy, 202 N. Y. 599, 95 N. E. 814.  These proceed-
ings and People ex rel. National Bank of Commerce v. Purdy and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Others, reported in 149 App. Div. 948, 134 N. Y. Supp. 1143, arose either before the passage of said act or were instituted under it. This proceeding was not instituted until November 29, 1910.

[1] The said act provided that the board of taxes and assessments should have power to cancel or reduce assessments of bank shares, made in and for said years; that, beginning 20 days after the passage of the act, and until October 21, 1909, the assessments should be open to public inspection, and that applications for reduction or cancellation might be made on or before September 1, 1909, specifying the grounds therefor, and that a hearing, if requested, should be granted; that on or before October 1, 1909, the board should determine every application, that any determination of the board under the act might be reviewed by certiorari, but that such proceeding to review must be begun on or before October 31, 1909. The act further provided:

"All assessments of bank shares made in said city of New York during the years nineteen hundred and one to nineteen hundred and seven, inclusive, as to which no application for relief shall be made under this act as herein provided, shall be and hereby are ratified and confirmed; and every determination by said board as herein provided, upon an application seasonably made for relief under this act, shall be final and conclusive, unless reversed or, modified by the court in a certiorari proceeding thereafter brought as herein provided."

The Court of Appeals plainly stated in 196 N. Y. 270, 89 N. E. 839, that the Supreme Court might well, in the exercise of its discretion, dismiss the writ on account of laches, when there had been long delay in applying for it, and, for the sole purpose of emphasizing that statement, wrote the per curiam memorandum reported in 202 N. Y. 599, 95 N. E. 814. I am of the opinion that the said act of 1909 is an absolute bar to this proceeding. It afforded every one ample opportunity to apply to the board of taxes and assessments for a reduction or cancellation of the assessment, and for a review by certiorari of the determination of the board on such application, and expressly limited the time within which a proceeding to review might be begun. It then provided that all assessments as to which no application for relief should be made under the act were ratified and confirmed.

[2] So far, then, as the case in hand is concerned, the act was a statute of limitations, and a remedy even for jurisdictional defects may thus be barred. Meigs v. Roberts, 162 N. Y. 371, 56 N. E. 838, 76 Am. St. Rep. 322.

The order should be reversed, with costs, and the writ dismissed, with costs. All concur.