(70 App. Div. 298.)

WALLACE et al. v. INTERNATIONAL PAPER CO. et al.

(Supreme Court, Appellate Division, Third Department. March 21, 1902.)

1. TAXATION—PAYMENT OF TAXES—ENFORCEMENT.
    Where it is shown that a tax was assessed on certain land for a
    certain year, and no one testifies as to paying the tax, or having seen it
    paid, and no receipt from the comptroller's office is offered in evidence,
    it will be concluded that the tax was not paid, giving the comptroller
    jurisdiction to enforce payment.

2. SAME—DECLARATION BY COMPTROLLER—SALE FOR TAXES—VALIDITY.
    A false declaration by the state comptroller to the owners of certain
    land, that the taxes assessed thereon for a certain year had been paid,
    will not thereafter render a sale of such lands for such taxes void, but
    only voidable.

**8. SAME—VOIDABLE SALE—DEFENSE IN ACTION FOR PARTITION.**

Where a sale of land for taxes is voidable because of the comptroller's having falsely declared to the owners that the taxes, had been paid, and the owners fail to assert their right to set the sale aside within the time fixed by the Law of 1896, c. 908, they will not be heard to assert the invalidity of the sale in an action of partition brought thereafter.

Appeal from special term.

Action by Fannie E. Wallace and another, as executrices and widow and sole heir at law and devisees under the will of Edwin R. Wallace, deceased, against the International Paper Company, William McEchorn, and others. From a judgment determining title to certain land to be in plaintiffs, and that McEchorn had no title therein, defendant paper company and McEchorn appeal. Reversed.

See 65 N. Y. Supp. 543.

Argued before PARKER, P. J., and SMITH, KELLOGG, CHASE, and FURSMAN, JJ.

Griffin & Ostrander, for appellants.

Homer & Waldo Weston, for respondents.

KELLOGG, J. This case has been twice tried. The testimony on the second trial does not, in any material respect, differ from the testimony presented to this court on review of the first trial. We then held that the books in evidence from the office of the state comptroller (and the same books were in evidence on the second trial) showed conclusively a tax assessed for the year 1862 upon the land in question included in a larger unallotted tract. That such tax was called the "H., H. & L. Road Tax," and was a proper lien upon the premises claimed by plaintiffs in this action. No one testifies to having paid this tax, or to having seen it paid. No receipt for this tax was offered in evidence from the comptroller's office. We must therefore conclude that the tax was not paid before the sale of 1871, and therefore the comptroller had jurisdiction, with power to enforce payment.

Whatever there may be in the testimony from which any inference can be drawn that the comptroller at any time before the sale declared to plaintiffs or their predecessors in title that there was no unpaid tax for the year 1862 on these lands, this could at most only make the sale voidable. The fact remains that there was an unpaid tax, and the sale was not void. If, for the inferences suggested, the sale was voidable, this infirmity could be only available to the plaintiffs by the assertion of their rights to set the sale aside within the time fixed by Laws 1896, c. 908. They failed to do this, and it is too late to make the defense available in this action.

The judgment is reversed, a new trial granted, with costs to the appellants to abide the event.

FURSMAN, J., concurs.

CHASE, J. (concurring). Whether or not the Hamilton, Herkimer, and Lewis road tax for 1862 on that part of township 4 lying in the town of Morehouse has been actually paid to the state, the evidence on the last trial, in my opinion, discloses a state of facts which

brings this case within the rule laid down in People v. Registrar of Arrears of Brooklyn, 114 N. Y. 19, 20 N. E. 611. Were it not for the provisions of chapter 908 of the Laws of 1896 relating to the effect of the comptroller's deed, I would, for the reason stated, be in favor of affirming the judgment to the extent of the lands in the town of Morehouse in the plaintiffs' deed described. It is very doubtful whether the land described in the tax deed of December 22, 1845, is identical with the land described in the tax deed of December 29, 1886. With these suggestions, I concur in the result, on the ground that the court of appeals in Meigs v. Roberts (162 N. Y. 371, 56 N. E. 838, 76 Am. St. Rep. 322) has practically held that the said act of 1896 is a statute of limitations, and that, as such, it applies to a case like the one now under consideration, not alone for the reason stated by Justice KELLOGG, but generally against the plaintiffs.

PARKER, P. J., and SMITH, J., concur.