### WALLACE et al. v. McECHRON et al.

(Supreme Court, Appellate Division, Third Department. May 6, 1903.)

**1.** TAXATION—SALE OF LANDS—CANCELLATION OF SALE—LIMITATION OF ACTION.
    Acts 1885, p. 758, c. 448, as amended by Laws 1893, c. 711, § 12, provides that the recording of a conveyance by the state of lands sold for unpaid taxes is conclusive evidence that the assessment and sale were regular, but that such sale and conveyance are subject to cancellation upon direct application to the Comptroller, or in an action therefor, upon proof that such taxes had in fact been paid. Laws 1896, p. 841, c. 908, § 132, outlaws such applications and actions, with reference to all sales prior to 1895, after one year from the passage of the act. *Held*, that conceding that an action brought October 5, 1897, for partition, by plaintiffs, as part owners thereof, is equivalent to an action for cancellation of a sale and conveyance of such lands made in 1871 for the year 1861, it was barred by limitations.

Appeal from Trial Term.

Action by Fanny S. Wallace and another, as executors, etc., against William McEchron and others. From a judgment dismissing the complaint, plaintiffs appeal. Affirmed.

Argued before PARKER, P. J., and SMITH, KELLOGG, CHASE, and CHESTER, JJ.

Homer Weston, for appellants.

Geo. N. Ostrander, for respondents.

PER CURIAM. The plaintiffs claim that the tax sale under which the defendant McEchron claims title to the lands in question was void, because all the taxes by reason of which the state claimed the right to make such sale had in fact been fully paid. Such sale was made in 1871 for unpaid taxes, so claimed, of 1862. The conveyance executed by the state upon such sale was recorded on February 7, 1887, and has been on record ever since.

Under the provisions of chapter 448, p. 758, of the act of 1885, as amended by section 12, c. 711, p. 1768, of the Laws of 1893, the recording of such conveyance would be conclusive evidence that such assessment and sale was regular; but the sale and conveyance would have been subject to cancellation upon direct application to the Comptroller, or in an action brought in a competent court therefor, upon proof that such taxes of 1862 had in fact been paid. And so the right to institute such a proceeding and procure such a cancellation by

making such proof continued until the passage of section 132, c. 908, p. 841, of the Laws of 1896.   By that section it was provided that such an application or action, with reference to all sales had prior to 1895, must be brought within one year from the passage of that act.   No application or action has ever been brought by these plaintiffs to procure the cancellation of the sale and conveyance of these lands for the taxes claimed to be due and unpaid for the year 1862; but conceding that the commencement of this action for a partition of the same to these plaintiffs, as part owners thereof, is equivalent to such an action, inasmuch as it was not commenced until October 5, 1897—some six months after the time limited by section 132, above cited—it seems clear that such section is a complete bar to any relief to the plaintiffs, based upon a cancellation of the sale and conveyance through which McEchron claims his title.   In other words, the provisions of the acts of 1885 and of 1893, above referred to, and which are re-enacted in the said section 132, make the recorded conveyance to McEchron, from the state, at least presumptive proof of his title to the interest in these lands which the plaintiffs claim, even though the taxes for which they were sold had actually been paid.   And the short statute of limitations in such section contained bars the plaintiffs from applying for a cancellation of such sale and conveyance, and so makes such conveyance absolute.

In this view of the case, it becomes unimportant to determine whether the highway tax for the year 1862 was or was not actually paid.   It suffices that the state then claimed it was not paid, and sold the land to pay it; and although that sale might have been canceled, had the plaintiffs applied therefor within the time permitted by the statute, their omission to do so allowed the title which the state then assumed the right to convey to become absolute.   This view of the case seems to be fully sustained by the case of Meigs v. Roberts, 162 N. Y. 371, 56 N. E. 838, 76 Am. St. Rep. 322.

It is now vigorously urged that the provisions of section 132 limiting the right to apply for cancellation of a sale and conveyance to one year are unconstitutional, for the reason that one year is an unreasonably short limitation.   The decision of the Court of Appeals in the case last above cited seems to be in conflict with that claim.   See, also, Saranac Land & Timber Co. v. Roberts, 177 U. S. 318, 20 Sup. Ct. 642, 44 L. Ed. 786.

We conclude that the facts of this case are not materially changed from those which have already been twice presented to us (see 53 App. Div. 41, 65 N. Y. Supp. 543; 70 App. Div. 298, 75 N. Y. Supp. 340), and that the rule of law which a majority of the court then applied to them requires that this judgment be affirmed.

Judgment affirmed, with costs.