(18 Misc. Rep. 644.)

### UNCKLES v. HENTZ et al.

(Supreme Court, Special Term, New York County. December, 1896.)

FALSE REPRESENTATIONS—CONCLUSIONS OF LAW.

    A complaint in fraud against the trustees of the National Lead Trust, alleging that they represented to the world that the trust was a legal organization, and authorized to issue certificates of shares, and that by reason thereof plaintiff bought a stated number, and that such representations were false, merely states a conclusion of the trustees on a question of law, which cannot be made the basis of an action for fraud.

Action by Thomas H. Unckles against Henry Hentz and others for fraud. A demurrer was filed to the complaint. Sustained.

Porter & Kilvert, for plaintiff.
John S. Durand, for defendant Bradley.
William C. Gulliver and Charles W. Pierson, for defendant Hentz.

RUSSELL, J. The plaintiff sues in fraud for damages sustained by the fraudulent representations of the defendants. The alleged fraud consists in the representations to the world by the defendants, trustees of the National Lead Trust, that that trust was a legal organization, and legally entitled to issue certificates of shares. By means of such representations the plaintiff bought on the New York Stock Exchange 600 shares, of the par value of $60,000. He avers that said representations were untrue; that the trust was an illegal organization, constituted in violation of the laws of the state of New York, and had no right to issue certificates for shares; and asked

judgment against the defendants for the sum of $60,000. No averments of fact are alleged in the complaint as to the existence or nonexistence of acts done, or represented by the defendants to have been done, which would have made the organization a valid one, but the whole tenor of the allegations, amplified in various forms of language, come down to the assertion of the representation of the legality of the combination in its presumably completed state, and the incorrectness of those representations. There is no deceit alleged as to the various steps taken to form the trust, and therefore the fraud, if it exists, consisted in a misleading assertion of the conclusive effect of the necessary preliminary proceedings culminating in the supposed organization. The assertion as to the validity of the association must be, therefore, a representation of a judgment derived from reasoning applied to undisputed facts. When such reasoning is directed to the question of legality, the conclusion formed becomes a question of law. As such it is a primary rule that it cannot be made the basis of an action of fraud. Starr v. Bennett, 5 Hill, 303; 1 Bigelow, Frauds, pp. 8, 9; Long v. Warren, 68 N. Y. 431; Smith v. Countryman, 30 N. Y. 681. It is only where a fraudulent design is conceived to unlawfully obtain property from a person to whom the wrongdoer stands in a position of trust and confidence that a fraudulent assertion of a legal position, known to the wrongdoer to be untrue, but used in the purposes of his fraudulent scheme, may aid in remedying the wrong done. This is not such a case, nor is it charged here that the trustees knew their allegations of the validity and power to be false. In ordinary cases, even, where the fraudulent representations are of fact alone, such knowledge is usually deemed essential, and, a fortiori, it must be so here, for the assertion is as to the effect in law of a complicated business transaction. For aught that here appears, the way was open for the plaintiff to obtain the advice of those skilled in the law, of which class we must presume there is no dearth in the city of New York, who could pronounce, as well as the counsel of the trustees, upon the validity of the trust agreement, or the preliminary steps necessary to its formation. It is hardly just to hold the defendants liable for a mistaken legal opinion. The law is not as yet an exact science, notwithstanding the lifelong labors and earnest zeal of judges of the court of appeals and justices of the supreme court; and even their opinions are not always deemed by their fellows as absolutely conclusive of the legal conclusions reached. It may also be presumed from the display of the form of the certificate of shares, as set forth in the complaint, that the plaintiff had a view of the trust agreement, to which, as appears, he consented to be subject in regard to all of the provisions. If, in the absence of other allegations of the complaint, we may also presume that this trust agreement was the one basis upon which the trust was formed, the validity of the organization must also be deemed to have proceeded from the construction of law that the terms of that agreement violated the laws of the state of New York. He therefore was not only aware of all of the facts upon which the conclusion of invalidity depended, but was a consent-

ing party to its terms and the procedure under it, which would deprive him of a right to move the courts against his partners in the illegal action.   Unckles v. Colgate, 72 Hun, 119, 25 N. Y. Supp. 672; Id., 148 N. Y. 529, 43 N. E. 59.   The demurrers are sustained, with costs, with leave to amend the complaint within 20 days, on the payment of costs.

Demurrers sustained, with leave to amend complaint.