THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES A. FRANCISCO, Appellant.

*Tax deed — effect of section 132 of the Tax Law as a short statute of limitations — proof, other than the record of the deed, when required to set the statute running — action for forfeiture imposed for cutting timber.*

Section 132 of the Tax Law (Laws of 1896, chap. 908), relative to the effect of a tax deed executed by the Comptroller of the State of New York, which has been recorded for two years, is a statute of limitations as well as a curative law, and, so far as it is a statute of limitations, the doctrine that jurisdictional defects cannot be cured by retrospective legislation has no application.

Assuming that, as against the true owner of the property, it would be necessary for the People of the State of New York, claiming under deeds of the character set forth in section 132 of the Tax Law, to show, by evidence other than the records of the deeds, that the statute, as a statute of limitations, had been set running against such true owner so as to destroy his title, such a course need not be adopted in an action brought by the People of the State of New York under section 280 of chapter 488 of the Laws of 1892, added by chapter 385 of the Laws of 1895, to recover forfeitures from the defendant for cutting timber from the lands described in the tax deed, where the defendant is not shown to have title to the property and does not claim under one shown to have had title thereto.

The right of action for the forfeitures was not taken away by chapter 114 of the Laws of 1896, amending the act under which the action was brought.

APPEAL by the defendant, James A. Francisco, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Delaware on the 3d day of July, 1900, upon the verdict of a jury, and also from an order entered in said clerk's office on the 16th day of September, 1901, denying the defendant's motion for a new trial made upon a case and exceptions.

*Charles L. Andrus*, for the appellant.

*Edwin D. Wagner*, for the respondent.

CHASE, J.:

On the 15th day of December, 1875, the Comptroller of the State of New York executed and delivered to the plaintiff a deed including certain real property described in the complaint. Such deed was duly recorded in the clerk's office of the county of Delaware on the 31st day of May, 1877. On the 25th day of August, 1884, said Comptroller executed and delivered to the plaintiff another deed including said real property, which deed was duly recorded in said office on the 6th day of April, 1887. The deeds are in the usual form of deeds executed by the Comptroller pursuant to the tax laws then in force. The property was sold each time, by reason of the non-payment of taxes thereon assessed, in the manner provided for unoccupied property owned by non-residents of the tax district. The property is wild, forest, mountain land. There has never been a building on the property, and no part of it has ever been inclosed or cultivated. This action was brought in August, 1896, to recover forfeitures for alleged violations of section 280, chapter 488 of the Laws of 1892, added by chapter 395 of the Laws of 1895.

The plaintiff alleges that the lands form a part of the forest preserve, and that "during the year 1895 and before the commencement of this action" the defendant "cut or caused to be cut thereon, and did carry away or cause to be carried away therefrom about thirty-four hemlock trees," in violation of said statute.

The defendant denied the allegations of the complaint, and further alleged that he was rightfully and legally in possession of said property; and that he was and is the owner thereof. The evidence relating to cutting and carrying away the thirty-four hemlock trees, although conflicting, is sufficient to sustain the verdict against the defendant. The defendant contends that prior to June 29, 1876, one C. had each year for many years cut wood and timber on said lands for fencing and repairing buildings on other lands of C. and for use by him in his lumbering business, and that after June 29, 1876, until about the year 1893, the defendant had continuously cut timber thereon in the same way and for the same purpose.

The defendant also insists that the use of said lot by C. and by

himself made them respectively occupants thereof, and that conse-
quently the assessments as made and the tax deeds based on such
assessments are void.

Section 132 of the Tax Law (Laws of 1896, chap. 908) provides:
"Every such conveyance heretofore executed by the comptroller,
\* \* \* which have for two years been recorded in the office of the
clerk of the county in which the lands conveyed thereby are located
\* \* \* shall be conclusive evidence that the sale and proceed-
ings prior thereto, from and including the assessment of the lands
and all notices required by law to be given previous to the expira-
tion of the time allowed for redemption, were regular and were
regularly given, published and served according to the provisions of
all laws directing and requiring the same or in any manner relating
thereto."

This statute, though in some respects a curative law, is primarily
and essentially much more; it is a statute of limitation. There may
be in legal proceedings defects which are not mere informalities or
irregularities, but so vital in their character as to be beyond the
help of retrospective legislation; such defects are called jurisdic-
tional. This principle does not apply to a Statute of Limitations,
for such a statute will bar any right, however high the source from
which it may be deduced, provided that a reasonable time is given a
party to enforce his right. (*Meigs* v. *Roberts*, 162 N. Y. 371.)

The Court of Appeals in *Meigs* v. *Roberts* (*supra*) say: "It is
questionable whether, as to an owner in actual possession of land,
the record of a hostile conveyance in the clerk's office is sufficient
to set a Statute of Limitations running against him so as to destroy
his title. \* \* \* The decisions on the subject are in conflict."

On the trial herein the defendant did not seek to show title to the
property in himself, but, while offering testimony relating to a quit-
claim deed from C. to himself, expressly disclaimed that he did so
for the purpose of showing title. He insisted in the trial court and
insists in this court that the tax deeds are void by reason of the lands
having been actually occupied at the time the assessments were
made. No claim of adverse possession of the lands is pleaded or
asserted. It is unnecessary to determine whether the property was
occupied within the meaning of the Tax Law. The deeds are by
the express terms of the statute conclusive evidence against the

defendant. Assuming that, as against the true owner of the property, it would be necessary for the plaintiff to show by evidence other than the record of the deeds that the statute as a statute of limitations had been set running against such true owner so as to destroy his title, it was not necessary as against the defendant, who is not shown to have title to the property, and does not claim under one shown to have title to the same.

The right of action against the defendant was not taken away by chapter 114 of the Laws of 1896 amending the act under which the action was brought. (*People ex rel. City of Buffalo* v. *N. Y. C. & H. R. R. R. Co.,* 156 N. Y. 570; *Stone* v. *Board of Supervisors,* 166 id. 85.) Defendant has no reason to complain of the instructions of the court relating to the amount of the forfeiture.

The judgment should be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.