(60 Misc. Rep. 253.)

## PEOPLE v. BAIN.

(Supreme Court, Trial Term, Warren County.   July, 1908.)

1. ESTOPPEL (§ 29*)—TITLE TO LAND.
   In an action of trespass for cutting a tree on lands in the forest preserve to which the people had a tax title, where defendant claims under a deed from the person to whom the lands had been assessed, both parties are estopped from denying the former owner's title.
   [Ed. Note.—For other cases, see Estoppel, Dec. Dig. § 29.*]

2. TAXATION (§ 796*)—RIGHT TO ATTACK TAX TITLE.
   Where the state claims title to land in the forest preserve under a tax deed, defendant in an action for trespass cannot dispute the state's title without showing that he was the owner of the land at the time of the assessment, or that he has title from the former owner.
   [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1580; Dec. Dig. § 796.*]

3. WOODS AND FORESTS (§ 8*)—FOREST RESERVE.
   Where an owner of land made a contract to convey which was assigned by the vendee to defendant in trespass, and which gave a right to cut timber on the land, it would justify defendant's acts in cutting a tree on the land, though within the forest preserve, if the state did not have title to such land.
   [Ed. Note.—For other cases, see Woods and Forests, Dec. Dig. § 8.*]

4. TAXATION (§ 804*)—TAX DEEDS—LIMITATIONS.
   Where the state took title to certain land in forest preserve under a deed from the Comptroller in 1890, Tax Law (Laws 1896, p. 841, c. 908) § 131, operated as a statute of limitations to cure any errors in the assessment against the former owner which might have been cured on application to the Comptroller under section 132.
   [Ed. Note.—For other cases, see Taxation, Dec. Dig. § 804.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by the people against James H. Bain for cutting trees in the forest preserve. Judgment for plaintiff.

John K. Ward (Ellis J. Staley, of counsel), for the People.
James H. Bain, for defendant.

SPENCER, J. Both parties claim to have title to the real estate upon which defendant concedes he cut a tree—the people by tax sale upon assessments against one Hugh Clemons, and the defendant under claim of conveyance from the same party. It would seem that both parties must be estopped from denying the title of Clemons.

The defendant challenges the regularity of the assessment against Clemons, and claims that the plaintiff must establish in itself a valid title before it can maintain an action against even a stranger. The plaintiff claims that in an action such as this, for cutting trees on the forest preserve held under tax deed, the defendant may not dispute the State's title until he has shown that he was the owner of the land at the time of the assessment or that he has title under or from such owner. I think the plaintiff's contention must be regarded as the settled law of this state in cases such as this. People v. Turner, 117 N. Y. 227, 22 N. E. 1022, 15 Am. St. Rep. 498; People v. Francisco, 76 App. Div. 262, 78 N. Y. Supp. 423; Andrus v. Wheeler, 18 Misc. Rep. 646, 650, 42 N. Y. Supp. 525.

So far as the defendant is concerned, he has no deed from Clemons. The only way he connects himself with the title is by an assignment of a contract to himself, dated February 23, 1906. By this assignment Clemons assigns whatever right, title, or interest he had by reason of an instrument dated November 1, 1880, executed by one Charles Rockwell to Clemons, to which the assignment is annexed. The annexed instrument is not a deed, but a contract to convey. There is no evidence that this contract has been performed or ripened into title. It clearly had not when the assignment to defendant was made. The best that may be said of the instrument is that it implies a consent by Rockwell to Clemons to cut timber upon the land, and this may be assumed to be a license which extends to the defendant under his assignment. As all he is charged with doing is the cutting of a tree on the premises, the assignment to him may serve as a justification for his act, if title to the state does not intervene.

The plaintiff took title under the Comptroller's deed, April 22, 1890. The objection made by the defendant to plaintiffs' title is confined to errors and irregularities in the assessments against Clemons. He claims that for certain years the assessments were against the parcel in question and other real estate as one parcel and at one sum. The Comptroller, in making sale, apportioned the tax among the several parcels. No injury to any one seems to have resulted, and that practice seems to have the approval of the court. Fellows v. Denniston, 23 N. Y. 420, 437, 439.

Another objection is that Clemons was assessed as a nonresident. If such were the fact, the error should have been corrected by application to the comptroller. Tax Law, § 140 (Laws 1896, p. 846, c. 908); People v. Turner, supra; Laws 1855, p. 780, tit. 1, § 17, c. 427;

Laws 1878, p. 160, c. 152. The further objections relate to the absence of a venue in one affidavit, and the regular form of the oath of assessor. Formerly such errors were fatal. Shattuck v. Bascom, 105 N. Y. 44, 12 N. E. 283; People ex rel. Gillies v. Suffern, 68 N. Y. 321; Inman v. Coleman, 37 Hun, 170. But since the passage of chapter 448, p. 758, Laws 1885, applicable to Warren county, such defects are deemed cured by lapse of time. Meigs v. Roberts, 162 N. Y. 371, 56 N. E. 838, 76 Am. St. Rep. 322; Laws 1893, p. 1768, c. 711, § 11 et seq.; Laws 1896, p. 841, c. 908, § 131 et seq. Furthermore, all the errors and irregularities complained of might have been cured by application to the Comptroller under the provisions of section 132 of the tax law. The provisions of section 131 of the law have therefore application as a statute of limitations which has run against the defendant. Meigs v. Roberts, supra; Wallace v. McEchron, 176 N. Y. 424, 428, 68 N. E. 663. It follows that at the time the defendant did the cutting title to the land had passed to the plaintiffs, and defendant's right or interest therein had been extinguished, and the cutting constituted a trespass for which the plaintiffs may recover.

Let findings of fact and conclusions of law be submitted in accord with this opinion, according judgment to the plaintiffs, with costs.

Ordered accordingly.