(60 Misc. Rep. 256.)

### PEOPLE v. PULVER.

(Supreme Court, Trial Term, Warren County. July, 1908.)

1. WOODS AND FORESTS (§ 8*)—FOREST RESERVE.

    In an action for trespass for cutting trees on lands acquired by the state under tax deed from the Comptroller, where the evidence does not sustain a finding that the deeds under which defendant claimed title, two

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of which were given after the tax deed, conveyed the same lands set forth in the complaint, the judgment must be for plaintiff.

[Ed. Note.—For other cases, see Woods and Forests, Dec. Dig. § 8.*]

2. TAXATION (§ 805*)—TAX DEED—CURING IRREGULARITIES.

Where, in trespass for cutting a tree on state land, plaintiff relied on a tax deed, and objections to the state's title related to irregularities in the assessments which might have been cured under Tax Law (Laws 1896, p. 841, c. 908) § 132, on application to the Comptroller, section 131 will be held to operate as a statute of limitations and cure the defects.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 805.*]

Action by the People of the State of New York against Nathan Pulver. Judgment for the People.

John K. Ward (Ellis J. Staley, of counsel), for the People.
James H. Bain, for defendant.

SPENCER, J. This is an action in trespass; the plaintiff claiming to be the owner of the real estate by conveyance from the Comptroller under tax sale deed, dated April 22, 1890, the assessments being against one Hugh Clemons, and that the defendant since such conveyance has cut a tree on said premises. The defendant admits the cutting and alleges that he is the owner of the premises.

On the trial the plaintiff put in evidence the tax deed from the Comptroller and rested. Thereupon the defendant put in evidence a quitclaim deed, dated May 3, 1857, and recorded April 1, 1858, from Lucius Woodard and wife to Newton Aldrich; also quitclaim deed from Newton Aldrich and wife to Fred N. Pulver, dated March 1, 1906; also a quitclaim deed, dated June 4, 1907, and acknowledged May 25, 1908, from Fred N. Pulver to the defendant, Nathan Pulver. In reply, the plaintiff put in evidence the publication of notice by the Comptroller under section 13, c. 711, p. 1769, of the Laws of 1893, to the effect that possession would be in the state at the expiration of three weeks from December 14, 1894.

There is no evidence as to what, if any, title Woodard had to the property, or that he ever had possession of the same, or ever exercised any rights of ownership. The same is true of Aldrich, who held a quitclaim from Woodard, down to March 1, 1906. This chain of title seems to rest on no foundation whatever. There is no proof that the lands described in the complaint are the same lands conveyed to defendant. Both parcels are in lot 11 of the same patent. Beyond this, there is nothing in common. The evidence will not support a finding that the deeds put in evidence by defendant convey the lands set forth in the complaint. As the defendant has failed to show title to the premises, it may not be necessary to consider the case further.

But defendant contends that the plaintiff, in order to recover, must first show title, even against a stranger. I do not regard this as the rule applicable in this state to cases of this nature. People v. Turner, 117 N. Y. 227, 22 N. E. 1022, 15 Am. St. Rep. 498; People v. Francisco, 76 App. Div. 262, 78 N. Y. Supp. 423; Andrus v. Wheeler, 18

Misc. Rep. 645, 650, 42 N. Y. Supp. 525. But, in view of his contention, we will consider the objections to plaintiff's title. They all relate to irregularities in the assessments. These could have been cured by application to the Comptroller under the provisions of section 132 of the tax law (Laws 1896, p. 841, c. 908). Hence it must be held that the provision of section 131 of the tax law is a statute of limitations, and that, under the decision of Meigs v. Roberts, 162 N. Y. 371, 56 N. E. 838, 76 Am. St. Rep. 322, such defects are cured.

It is true that, inasmuch as the defendant does not claim under Clemens, against whom the assessments were made, a different rule might obtain as to him. The record in the case last cited does not disclose the fact as to whether the assessments in that case were against the plaintiff or not; but, as the notice is to all concerned, it must be presumed that such fact is immaterial. I therefore conclude that, on this branch of the case, the defendant has failed to show that the deed to plaintiff is invalid.

Judgment must therefore be given to the plaintiff for the relief demanded in the complaint and for costs. Let findings of fact and conclusions of law be prepared and be submitted in accordance herewith.

Ordered accordingly.