## GOMPRECHT·v. LUDWIG.

(Supreme Court, Appellate Term. January 27, 1910.)

LANDLORD AND ·TENANT (§ 109*)—SURRENDER OF LEASE—SUBSTITUTION OF TENANT.

Where a lessee, immediately after the execution of the lease, and while in possession of the demised premises, assigned the lease to a third person, and the lessor thereupon received the rent from the assignee and stated to the lessee that he was discharged, there was a surrender of the lease as far as the original lessee was concerned, and such lessee was not liable for rent subsequently accruing.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 356; Dec. Dig. § 109.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Benjamin Gomprecht against Louis Ludwig. From a judgment adverse to defendant, he appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

Rosenthal, Steckler & Levi (Sol. Levi, of counsel), for appellant.

Henry M. V. Connelly, for respondent.

DAYTON, J. Action to recover rent under a written lease, dated January 20, 1908, covering a term of 33 months from January 1, 1908. At the foot of the instrument is an undated assignment thereof to Bernard H. Schwarting and Samuel Kushner, who by their signatures assumed the lease·and all its covenants. The defendant answered, first, admitting the execution of the lease, but only as stated in his subsequent separate answers; and, second, by way of separate defenses he set up these facts: That, being a monthly tenant of the premises covered by the lease, he was negotiating to sell his business to Schwarting and Kushner, who wanted a lease of the premises for three years at the same rent defendant was paying; that he explained these conditions to the plaintiff, who said that he was willing to give Kushner and Schwarting the lease, and directed that the parties go to the plaintiff's agent; that the parties did go to said agent for the purpose of executing the lease, who stated to them that he could not execute or deliver the lease direct to said Schwarting and Kushner, because defendant was in possession of the premises, but that he would have to execute it to defendant, who could then and there assign it to Schwarting and Kushner; and that defendant would not be liable upon the lease, and would be relieved from liability by reason of the assignment. The answer then concluded with allegations of reliance by defendant upon the representations so made by the plaintiff's agent, execution of the lease based upon such reliance, and that the agent drew up the assignment at the end of the instrument to Kushner and Schwarting; and then the conclusion is added that by reason of the facts pleaded the assignment operated as a surrender and acceptance. The authority of the agent is alleged. There is a second

separate answer, reiterating the facts in the first, and setting up the falsity of the agent's representations as to the effect of the assignment to relieve defendant from liability. The false representation alleged was one of law, and therefore not a defense in the Municipal Court, as correctly decided below. The court on the trial sustained demurrers to these answers. The plaintiff then proceeded by introducing the lease in evidence and proving nonpayment of the amount of rent claimed, and judgment for that amount was rendered.

If the facts stated in the first separate answer are true, it presented a defense, namely, that the instrument, though signed by defendant, was never intended to be a contract between him and plaintiff. The characterization of those facts in the answer as a surrender cannot change their effect. The lease was signed and the assignment thereof on the same instrument executed at the same time, under conditions which indicate that the assignees were the real tenants of plaintiff and were so intended to be. The lease was obviously delivered with the assignment already executed at the foot of it, under the representation by plaintiff's authorized agent that this was his method of properly executing the lease to Kushner and Schwarting. An instrument appearing to be a complete contract may be shown not to have been intended by the parties to be a contract. Under his answer defendant should have an opportunity to prove the facts alleged. In Grierson v. Mason, 60 N. Y. 394, frequently cited with approval:

> "The plaintiff proved an instrument which altered the contract, and the defendant was given the right to prove that the instrument introduced was not intended as an alteration of the contract, but with a view of accomplishing a particular purpose. Such evidence was not given to change the written contract by parol, but to establish that such contract had no force, efficacy, or effect; that it was not intended to be a contract, but merely a writing to be used in inducing Woods to make advancements upon the goods."

No claim to vary the terms and conditions of this lease is here made. The sole question presented is whether defendant may show a contemporaneous agreement that the lease as to him should not take effect. No equitable considerations are involved in that determination.

The judgment is erroneous, and should be reversed, and a new trial ordered, with costs to appellant to abide the event.

LEHMAN, J. (concurring). I agree with Mr. Justice DAYTON in the result reached, but not in his views. I do not believe that the first defense can be sustained upon the theory that the facts pleaded would establish that the lease had "no force, efficacy, or effect." Grierson v. Mason, 60 N. Y. 394. In that case the instrument was never intended to give rise to any right between the parties; in this case the plaintiff intended to give the defendant a valid lease, for the purpose of allowing him to transfer the same immediately to his assignees, who assumed all the obligations thereof. The defendant does not claim that the instrument on its face does not express the true intent of the parties. He claims only that, after the lease was made under the circumstances alleged, the assignment of the lease operated as a surrender.

To constitute such a surrender the plaintiff must have agreed to accept the assignees as substituted tenants and to discharge the defendant. Smith v. Niver & Rockfeller, 2 Barb. 180. It seems to me that the execution of the lease under the circumstances alleged, the immediate assignment, the receipt of rent from the assignees, and the statement to defendant that he was released from liability under the lease are more than is required to establish a surrender. Nor do I think that the plaintiff's claim that a surrender cannot take place before the lease is executed need receive serious consideration. Clearly a surrender of an estate can take place only after the estate has come into existence; but in this case it appears from the complaint that the defendant was in possession of the premises before the execution of the lease, and the estate became vested in him at the moment the lease was executed and could be surrendered immediately thereafter.

GIEGERICH, J., concurs with LEHMAN, J.