SAMUEL ABRAHAM, Plaintiff, *v.* WALTER M. WECHSLER, Defendant.

Supreme Court, New York Special Term, May, 1923.

Vendor and purchaser — action to recover down payment — complaint — insufficient allegation of misrepresentation — encroachment.

Where the only representation upon which the complaint in an action to recover money paid on account of the purchase price of certain real estate is based, is the alleged false statement made by defendant to plaintiff " that the said premises were occupied in a lawful manner in compliance with the requirements of the various departments of the city of New York," a motion to dismiss the complaint will be granted with leave to plead anew.

Where the complaint did not show that the two-year period of limitation prescribed by section 992 of the Civil Practice Act had not expired, an allegation that a portion of one of the walls of the rear building on the land encroaches four inches on adjoining premises did not state a cause of action. The presumption was that the time limit had expired and that the title was not unmarketable because of the alleged encroachment, nor did the complaint so allege.

MOTION to dismiss the complaint.

*Henry S. Cook,* for plaintiff.

*Alexander S. Natanson,* for defendant.

BURR, J. Motion under rule 106 of the Rules of Civil Practice for judgment dismissing the complaint upon the ground that it appears upon the face of the complaint that it does not state facts sufficient to constitute a cause of action. The plaintiff seeks to recover back the sum of $2,000 paid on account of a contract to purchase real property from the defendant, the basis of the action being false representations made by defendant which induced plaintiff to enter into the contract annexed to the complaint.

The plaintiff alleges he agreed to buy from the defendant the premises known as No. 110 West Eighty-sixth street, borough of Manhattan, New York city, that he paid $2,000 on the execution of the agreement; that he was ready, able and willing to carry out the agreement, but refused to do so upon two grounds: (1) That at the time the contract was executed the defendant made fraudulent concealment as to the occupancy and use of the premises, it being alleged that the defendant then represented to the plaintiff " that said premises were occupied in a lawful manner in compliance with the requirements of the various departments of the city of New York," that the representation was false and untrue, in that the said premises were " at the time of the execution of said agreement and at the times set for the performance of said agreement as aforesaid used in violation of law by three or more families, using their apartments for housekeeping purposes and doing cooking therein, all in violation of the rules, orders and requirements of the tenement house department of the City of New York." (2) That the rear portion of the westerly wall of the rear building erected on the premises encroached four inches on the premises adjoining the same on the west. The contract attached to and made a part of the complaint recites that the property was being sold " subject to ten (10) leases which have been exhibited to the purchaser." The only representation upon which the complaint is based is the alleged false statement by defendant to plaintiff " that the said premises were occupied in a lawful manner in compliance with the requirements of the various departments of the city of New York." This is the expression of an opinion by defendant as to the law. It is not alleged that the leases exhibited to the plaintiff at the time of sale were for any unlawful purpose. No facts are stated in the complaint to show that the use of the premises by certain persons as apartments for housekeeping purposes was in violation of any law, and the allegation that the use of the apartments was " in violation of law " is merely a conclusion of law; nor does it appear that the plaintiff did not know at the time of the making of the contract that certain persons were using the apartments for housekeeping purposes. From a reading of this complaint the most that can be said is that the plaintiff represented that certain apartments in the house were used for housekeeping purposes in a lawful manner, which use the plaintiff says, as a conclusion of law, was unlawful. In other words, the defendant represented that something was lawful, and the plaintiff claims it was unlawful. Such a representation does not amount to fraud. " A representation of what the law will or will not permit to be done, is one on which the party to whom it is made has no right

to rely, and if he does so, it is his own folly, and he cannot ask the law to relieve him from the consequences. The truth or falsehood of such a representation can be tested by ordinary vigilance and attention. It is an opinion in regard to the law and is always understood as such." This is the rule laid down in *Fish* v. *Cleland,* 33 Ill. 238, 243, cited by Williston in his work on Contracts (vol. 3, § 1495), in which he says: " It is well settled that statements of domestic law though false and fraudulent do not generally constitute actionable fraud." *Fish* v. *Cleland, supra,* was approved in *Upton, Assignee,* v. *Tribilcock,* 91 U. S. 45. In *Gomprecht* v. *Ludwig,* 65 Misc. Rep. 557, it was held that a false representation by a lessor's agent that an assignment of a lease would release the lessee from liability for rent is a false representation of law and is not a defense to an action for the rent. In *Lexow* v. *Julian,* 21 Hun, 577; affd., 86 N. Y. 638, it was held that no action lies for a representation that a certain debt is a lien upon specified security. See, also, *Unckles* v. *Hentz,* 18 Misc. Rep. 644; *Brady* v. *Edwards,* 35 id. 435; *Leszynsky* v. *Ross,* Id. 652. The contract recites that the building in question "has been altered from a four-story and basement dwelling and now contains ten apartments, each of which has been leased and each of which leases has been shown to plaintiff." Plaintiff had knowledge of the facts of the situation, relied upon the opinion of the defendant as to its legality and states no facts sufficient to support the allegation that the premises were being used in violation of law. The plaintiff, in common with all other persons, is presumed to know the law, and knowing the law and knowing the building he was in a position to know whether it did or did not comply with the law as it then stood. See *Mackmull* v. *Brandlein,* 152 App. Div. 733. The allegation that the rear portion of the westerly wall of the rear building erected on said land encroaches four inches on the premises adjoining the same on the west does not make out a cause of action. If the plaintiff sought to reject title on the ground of the encroachment it would be necessary for him to state facts showing the encroachment did not come within the provisions of section 992 of the Civil Practice Act. This section provides that where there is an encroachment not exceeding six inches in width, and no action is brought in ejectment or for damages by reason thereof within a period of two years, the person in possession of the land shall be deemed to have an easement so long as the party wall stands. There is nothing in the complaint to show that the two-year period of limitation enacted by the statute has not expired, and the presumption must, therefore, be that it had expired. Accordingly it cannot be said that because of the alleged encroachment the title

is unmarketable, nor does the complaint so allege. Motion granted, with ten dollars costs, with leave to plaintiff to plead anew within ten days upon payment of said costs. Settle order on notice.

Ordered accordingly.