DANIEL STEIN, Respondent, v. TOBIAS S. FREUND and Another, Individually and as Copartners, Trading under the Name of MAY-JANE NOVELTY COMPANY, Appellants, Impleaded with AMITON MANUFACTURING COMPANY, INC., Defendant.

First Department, December 18, 1925.

Corporations — stock — action to rescind purchase on ground of false representations — complaint is insufficient which alleges merely that defendant stockholders falsely represented that they would devote their best energies to corporation and falsely represented amount of assets and liabilities — allegation as to waste of assets not pertinent.

A complaint in an action to rescind the sale of corporate stock on the ground that the majority stockholders who controlled the corporation made false representations inducing the purchase of stock is insufficient which alleges merely that the plaintiff was induced to purchase the stock on the false representations of the defendants that they would devote their best energies to building up the corporation, and on the false representations as to the amount of assets and liabilities.

The allegation that the defendants would exert their best energies for the benefit of the corporation is an allegation of a mere promise, and the allegation that the defendants falsely represented the assets and liabilities is insufficient in the absence of any allegation of facts showing that the representations were false.

An allegation in the complaint that the officers of the corporation had committed waste of corporate assets is immaterial to this cause of action.

FINCH and MERRELL, JJ., dissent, with opinion.

APPEAL by the defendants, Tobias S. Freund and another, from an order of the Supreme Court, made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on the 13th day of March, 1925, denying said defendants' motion to dismiss the complaint on the ground that the same does not state facts sufficient to constitute a cause of action.

*Milton Elias Schattman*, for the appellants.

*Sidney R. Fleisher* [*S. David Stutson* with him on the brief], for the respondent.

MARTIN, J. The plaintiff, respondent, seeks to rescind a purchase of stock of a corporation, of which the appellants were the officers and directors, as well as recovery of the amount paid therefor, because of false and fraudulent representations alleged to have been made by the appellants and alleged to have induced the purchase of the stock.

The plaintiff contends that he has stated a cause of action in equity.

The allegations of the complaint on which it is relied to state

false or fraudulent representations, set forth that in or about the month of August, 1923, the individual defendants requested plaintiff to purchase seventeen shares of stock of the defendant corporation and to pay therefor the sum of $1,200; that the individual defendants, who were in control of defendant corporation and owners and holders of a majority of the stock thereof, represented that they would devote their best energies to building up the corporation as well as that the investment would be and remain a profitable one; and that the individual defendants represented that the corporation had assets of more than $30,000 and total liabilities of less than $10,000.

No facts are stated to show that these representations as to the value of the assets and liabilities were false. In this respect the complaint contains mere conclusions of the pleader.

In *Knowles* v. *City of New York* (176 N. Y. 430, 437) the court said: " ' The mere general allegations of fraud or conspiracy are of no value as stating a cause of action.' * * * The plaintiff must state what the facts or intent were so that the court may see whether they were fraudulent or not, and his characterization of them as such is not sufficient."

A number of irrelevant and immaterial allegations are set forth to the effect that there were numerous wrongful acts of the officers who were responsible for the carrying on of the corporate business; and it is alleged that these wrongful acts caused waste of the corporate assets. These allegations have nothing whatever to do with the cause of action for a rescission of the contract to purchase stock. They tend to state grounds for a derivative action, one founded in the right of the corporation to recover for waste of its assets.

In *Kavanaugh* v. *Commonwealth Trust Co.* (181 N. Y. 121) the court said: " The loss of the corporate funds, resulting from the misconduct of the individual defendants, primarily gave a cause of action to the corporation, not to its stockholders, and no stockholder could maintain an action for the loss he had individually suffered in the depreciation of the value of the share stock held by him."

The alleged representations that the defendants would use their best efforts to make the corporation a success are nothing more than promises looking toward the future for fulfillment.

The complaint does not bring plaintiff within such cases as *Adams* v. *Gillig* (199 N. Y. 314) where the court said: " We are of the opinion that the false statements made by the defendant of his intention should, under the circumstances of this case, be deemed to be a statement of a material, existing fact of which the

court will lay hold for the purpose of defeating the wrong that would otherwise be consummated thereby."

It was there shown that, at the time the statements were made, the person making them knew that he never intended to keep them and that he intended the contrary. This is not such a case.

Referring to the representations concerning the assets and liabilities, there is no allegation of facts, as to what the assets of the corporation really were at the time, from which the court could infer that the alleged representations as to the assets were false. Nor is there any allegation as to what the corporation's actual liabilities were from which the court could infer that the representations as to its liabilities were in fact false. There is, therefore, no allegation of fact to show any discrepancy between the true assets and the assets as represented, nor any difference between the true liabilities and the liabilities as represented. The pleader's characterization of these representations as false is in itself insufficient. Facts must be pleaded showing wherein they were false.

The complaint should be dismissed for insufficiency.

The order should be reversed, with ten dollars costs and disbursements, and the motion to dismiss the complaint granted, with ten dollars costs, with leave to the plaintiff to serve an amended complaint within twenty days upon payment of said costs.

CLARKE, P. J., and BURR, J., concur; MERRELL and FINCH, JJ., dissent.

FINCH, J. (dissenting). While a good deal of the criticism leveled at the complaint is justified, yet it seems to me there is a sufficient allegation of fact to prevent a dismissal of the complaint. In the 4th paragraph the plaintiff alleges:

" That the individual defendants did further represent to the plaintiff that the said corporation had assets of a value of more than Thirty Thousand ($30,000) Dollars and that its total liabilities, exclusive of the capital stock issued and outstanding were less than Ten Thousand ($10,000) Dollars."

And in the 6th paragraph the plaintiff alleges:

" *Sixth.* That in truth and in fact the representations made by the defendants were false and were known by the said individual defendants to be false when made, and were made for the purpose of inducing the plaintiff to rely upon the said representations and to believe in the truth thereof, and to purchase the said shares of stock in reliance thereon; that the plaintiff did rely upon the truth of the said statements and representations and was thereby induced to make such investment."

Clearly the above allegations are allegations of fact. The words of Judge HISCOCK, now Chief Judge, in *Eppley* v. *Kennedy* (198 N. Y. 348, 351) are directly in point: " The allegations to the effect that plaintiff represented that $25,000 had been expended upon the properties to be sold to the defendant and that this representation was false, were allegations of fact."

I, therefore, am compelled to dissent and to vote to affirm.

MERRELL, J., concurs.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to the plaintiff to serve an amended complaint within twenty days from service of order upon payment of said costs.