Walter R. Hart, J.
The material allegations of the amended complaint herein charge defendants, Tarlow, the Travelers Insurance Company and the Travelers Indemnity Company (hereinafter referred to jointly as “ Travelers ”) with the following: Plaintiff on or about August 10, 1955 was a lawful tenant in defendant Tarlow’s tenement house at 315 West 30 Street, New York City and that she sustained personal injuries for which * ‘ defendant Solomon Tarlow was legally liable to pay in damages, and for which she was entitled to sue in an action at law to secure recompense for the damages occasioned by virtue of said injuries, and for which the said defendant insurance companies believed themselves liable to pay to the plaintiff as an injured tenant, on behalf of the defendant Solomon Tarlow, and which injuries she sustained through the sole fault of a working repairman employee of the defendant Solomon Tarlow, in the making of a repair by him, in the apartment occupied by the plaintiff. Defendants entered into a conspiracy to defraud and deceive plaintiff to deprive her of her rights to sue for damages as a tenant and to relegate her to a claim in workmen’s compensation.” Defendants Travelers ‘1 although not the insurer ” in pursuance of the conspiracy, fraudulently represented that they insured Tarlow for his legal obligations to plaintiff as a tenant and all of the defendants represented they would appear for her to secure her the “ recompense to which she was entitled as an injured tenant.” In furtherance of the conspiracy they represented to her that she must make claim in workmen’s compensation to recover her damages. The acts of the defendants, according to the complaint, were willful and malicious and caused the plaintiff damages in the sum of $100,000.
Defendants Tarlow and Travelers separately move to dismiss the complaint for insufficiency. They also move pursuant to subdivision 4 of rule 107 of the Rules of Civil Practice, to dismiss on the ground that an existing final award of the Workmen’s Compensation Board dated October 23, 1956 rendered on the merits, is determinative of the issues presented by the complaint.
The motion to dismiss for insufficiency embraces two facets. The first is predicated on the contention that the complaint purports to charge defendants with a misrepresentation of domestic law and that such conduct is not actionable in the absence of a fiduciary relationship between the parties. While this contention as an abstract proposition of law is valid (Zacher v. Bogie, 84 N. Y. S. 2d 404; Weinstein v. Schwartz, 107 N. Y. S. 2d 337; Abraham v. Wechsler, 120 Misc. 811, affd. 210 App. Div. 876), *935 it has been held that a misrepresentation of law made by individuals having superior knowledge may be the predicate of a fraud action (Berry v. American Cent. Ins. Co., 132 N. Y. 49; Weinstein v. Schwartz, 107 N. Y. S. 2d 337, supra). The proof in the circumstances present in this action might readily show that the representatives of Travelers possess knowledge superior to that of plaintiff. The general statement of law must be qualified by the views expressed by Mr. Justice Van Vo objects in Young v. New York State Elec. & Gas Corp. (184 Misc. 1013, 1015-1016, affd. 270 App. Div. 794): “ The rule is not that in order to make out a cause of action there must in every case be a misrepresentation of fact. ‘ It is equally well settled that where there is a mistake of law on one side, and either positive fraud on the other, or inequitable, unfair and deceptive conduct, which tends to confirm the mistake and conceal the truth, it is the right and duty of equity to award relief. All the cases which deny a remedy for mere mistake of law on one side are careful to add the qualification that there must be no improper conduct on the other. ’ (Haviland v. Willets et al., 141 N. Y. 35, 50.) ”
There is no merit therefore to that aspect of defendants’ motion which depends upon the contention that the misrepresentation being one of domestic law is not actionable.
(Defendants further contend that the complaint is insufficient since it fails to state ultimate facts showing their liability under the theory purportedly alleged but instead is replete with conclusory allegations. This contention has substance. Typical of the deficiencies of the complaint is the allegation that plaintiff, a tenant, sustained injuries for which defendant Tarlow was ‘ ‘ legally liable to pay in damages, and for which she was entitled to sue in an action at law.” The facts to establish the legal conclusion that defendant Tarlow was liable are not alleged; nor does the complaint state in what respect the representations were false. The complaint therefore is insufficient and is dismissed (Kalmanash v. Smith, 291 N. Y. 142; Stein v. Freund, 215 App. Div. 149).
The court will not permit plaintiff to plead over, since the action is also dismis sable under subdivision 4 of rule 107, namely, that there is a final determination by a competent tribunal which is dispositive of the merits of the action and which cannot be collaterally attacked. In support of the motions made on this ground, defendants have submitted affidavits setting forth the following facts: When the plaintiff was injured on August 10, 1955 she was employed by the defendant Tarlow, the owner of the premises wherein she resided. She filed a claim in workmen’s compensation and on August 15, 1956 a *936 decision was rendered by the board, as follows: ‘ ‘ Case was continued. Accident, notice and causal relation established, injury to the head and face. ’ ’ On September 27,1956 at a hearing before a Referee at which time plaintiff was represented by her personal attorney, Bella V. Dodd, she testified in her own behalf. Thereafter by a decision dated October 2, 1956 and corrected on October 23, 1956, the case was closed and plaintiff was allowed $500 for permanent serious facial disfigurement, out of which sum her attorney was allowed $25. The award was paid by the Travelers Insurance Company.
On July 28, 1958 plaintiff instituted an action in New York County for personal injuries against the defendant Tarlow whose answer set forth an affirmative defense alleging workmen’s compensation coverage and the facts with respect to the ward. Defendant moved for summary judgment and plaintiff cross-moved for leave to serve an amended complaint which alleged that Tarlow, his agents, servants and employees, falsely represented to plaintiff that her only claim was in workmen’s compensation. Defendant’s motion for summary judgment was granted and the cross motion was denied. Special Term in its memorandum decision stated that under the circumstances plaintiff should be required to start an independent action for fraud if in fact she possesses such a cause of action.
Plaintiff’s counsel in affidavits in opposition to the motions here sets forth arguments and contentions that do not controvert any of the material facts recited in the moving affidavits. The gist of his contentions is that plaintiff was not injured in the course of her employment (as a janitress?) but was injured an hour after her employment for the day had terminated at which time she had resumed her status as a tenant; that she was in her apartment at the time of the occurrence when she was injured by the negligence of defendant’s employee. The contrary determination by the Workmen’s Compensation Board and the adjudication with respect thereto may not be collaterally attacked by her in the instant action (Doca v. Federal Stevedoring Co., 280 App. Div. 940, affd. 305 N. Y. 648; Meaney v. Keating, 305 N. Y. 660). The decision of the Workmen’s Compensation Board dated August 15, 1956, viz., ‘ ‘ Accident, notice and causal relationship, ’ ’ connotes a finding by the board that plaintiff sustained her injuries in the course of her employment. This conclusion by the court is supported by the holding in Collier v. Brecher (13 Misc 2d 444 [App. Term, 2d Dept.]): “ The decision of the Workmen’s Compensation Board holding 1 notice, accident and causal relation established 3 embraced a finding that the plaintiff’s injuries arose out of and in the course *937 of his employment, binding upon the plaintiff until vacated or modified by direct proceedings under the Workmen’s Compensation Law (Doca v. Federal Stevedoring Co., 280 App. Div. 940, affd. 305 N. Y. 648; see, also, Matter of Doca v. Federal Stevedoring Co., 308 N. Y. 44, 49).”
Accordingly, under the doctrine of collateral estoppel an essential ultimate finding has been made of the fact that plaintiff was injured in the course of her employment and she may not here urge the contrary. It is immaterial that the issues in this action for fraud are not identical in all respects with those in the workmen’s compensation proceeding and that the two causes of action are different. While the workmen’s compensation award is not res judicata of the instant action plaintiff is estopped from collaterally asserting that she was not injured in the course of her employment and that she was in fact a tenant. The distinction between res judicata and collateral estoppel is succinctly stated (36 N. Y. U. L. Rev. 1160-1161):
“ Collateral estoppel, however, applies only when the action in the subsequent suit is on a different cause of action from that asserted in the first proceeding, and it applies to issues of fact or law rather than to causes of action.
1 ‘ When the cause of action is identical with that of the prior suit, a party is prevented from raising not only matters actually litigated in a former suit, but also all matters which might have been litigated. Thus, a plaintiff may not assert a cause of action which differs in form, but not in substance, from that alleged in a previous suit merely by bringing up new issues which might have been determined in the prior suit.
“Where, however, the cause of action is not the same, the estoppel operates only as to those matters litigated of necessity and actually determined, and perhaps also to matters necessarily inferred from such determinations.”
The philosophy underlying the doctrine of collateral estoppel and its application, is expressed in the same Law Beview article as follows (pp. 1158-1159): “ The fact that courts in New York have tended to expand the scope of the doctrine in recent years suggests additional reasons for its application. Crowded court calendars do not permit litigants the luxury of contesting issues twice. Increased costs of litigation, and emphasis to the belief that defendants should not be twice vexed on the same cause. Another probable factor is the unstated recognition that the dignity of the processes of the law is attacked each time a party relitigates a matter that has once been decided on the merits by a competent court.”
*938 ;Since plaintiff is estopped from proving the alleged falsity of the representation by showing that she was a tenant (having a common-law action for damages) and not an employee (relegated to workmen’s compensation) she cannot prevail.
$An issue may be presented as to what extent the doctrine of collateral estoppel applies to the defendants Travelers who were not parties to the workmen’s compensation proceeding. There is no doubt that with respect to the defendant Travelers Insurance Company since it was the carrier for Travelers in compensation and its indemnitor, it was in privity with the defendant Tarlow in that proceeding and was bound by the determination to pay the award. There was therefore a mutuality of estoppel. With respect to the defendant the Travelers Indemnity Company which was not a party to the proceeding, it appears from the trend of New York authority that a prior judgment may be asserted defensively by a stranger to the prior action against one who attempts to prove a cause of action based upon facts he failed to prove previously (Israel v. Wood Dodson Co., 1 N Y 2d 116; Hinchey v. Sellers, 7 N Y 2d 287; 36 N. Y.U. L. Rev. 1166). Accordingly, the motions are granted in all respects.